UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GREGORY DIAZ,

                            Plaintiff,

           -against-

CITY OF NEW YORK; Police Officer NICHOLAS MCGARRY, Shield No. 5276; Police Officer PAUL KEARON, Shield No. 26316; Police Officer VINCENT DIMA, Shield No. 16782; Police Officer PETER FLINTOFF, Shield No. 26746; Police Officer PAUL BEHAN, Shield No. 18847 and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

15-CV-2763 (JPO)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Gregory Diaz ("plaintiff" or "Mr. Diaz") is a resident of Queens County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Nicholas McGarry, Shield No. 5276 ("McGarry"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant McGarry is sued in his individual and official capacities.

10. Defendant Police Officer Paul Kearon, Shield No. 26316 ("Kearon"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kearon is sued in his individual and official capacities.

11. Defendant Police Officer Vincent Dima, Shield No. 16782 ("Dima"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Dima is sued in his individual and official capacities.

12. Defendant Police Officer Peter Flintoft, Shield No. 26746 ("Flintoft"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Flintoft is sued in his individual and official capacities.

13. Defendant Police Officer Paul Behan, Shield No. 18847 ("Behan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Behan is sued in his individual and official capacities.

14. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17. At approximately 8:00 p.m. on November 12, 2013, plaintiff was in a friend's automobile in the vicinity of 4040 Third Avenue Bronx, NY.

18. The defendant officers stopped the car plaintiff's friend was driving and ordered plaintiff out of the car.

19. When plaintiff was unable to immediately open the door, one of the defendants used a crow bar to break the vehicle's front and passenger side windows.

20. Broken glass was strewn about the car, striking plaintiff. One of the defendants punched plaintiff in the face through the broken window.

21. The defendants then unlocked plaintiff's door, and threw plaintiff to the macadam.

22. Once on the ground the officers continued to strike plaintiff with their hands, feet and saliva. Plaintiff was struck on his head, body and legs.

23. One of the defendants lifted plaintiff's head and slammed it against the asphalt.

24. Once plaintiff was placed in handcuffs, a defendant punched him directly in his jaw

25. Plaintiff was taken by ambulance to the hospital.

26. As a result of the beating meted out by defendants plaintiff suffered a variety of injuries, including a broken jaw that required surgery, injuries to his eyes

that diminished his vision, injuries to his left ear that diminished his hearing, stitches to his face, a broken cheekbone, as well as severe bruising about his body and legs.

27. Those officers present not participating directly in plaintiff's arrest watched idly.

28. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

29. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

30. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

31. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM

### Unreasonable Force

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law Assault and Battery

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

37. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

38. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Negligent Hiring/Training/Retention

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

41. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

42. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

43. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Intentional Infliction of Emotional Distress

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended

detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

47. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

48. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Negligent Infliction of Emotional Distress

50. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended

detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

52. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

53. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM

### Failure To Intervene

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

58. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   April 9, 2015
             New York, New York

_____
Robert Marinelli
305 Broadway, 9th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*